IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO THOMPSON, | : | |
|     Plaintiff, | : | 1:13-cv-1867 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Defendant. | : | |

# MEMORANDUM

### March 9, 2015

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On July 9, 2013, Plaintiff, Roberto Thompson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this *pro se* action by filing a complaint under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA").  (Doc. 1).  On July 19, 2013, Plaintiff filed an amended complaint, which was dismissed by this Court on March 5, 2014 for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docs. 11, 22).  On March 11, 2014, at the Court's direction, Plaintiff filed a second amended complaint.  (Doc. 23).  The United States of America is the sole Defendant.  (*Id.*).

Presently pending before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. (Doc. 24). For the reasons set forth below, the motion will be granted.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on July 9, 2013. (Doc. 1). On July 17, 2013, Magistrate Judge Martin C. Carlson issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing service of the complaint on the Defendant. (Doc. 9). On July 19, 2013, Plaintiff filed an amended complaint alleging that he did not receive mental health evaluations from the psychology department at USP-Lewisburg. (Doc. 11). On September 30, 2013, Defendant filed a motion to dismiss the amended complaint. (Doc. 14).

By Memorandum and Order dated March 5, 2014, this Court granted Defendant's motion to dismiss but afforded Plaintiff the opportunity to properly reassert his claims in a second amended complaint. (Doc. 22). Regarding Plaintiff's alleged injury, the Memorandum determined that Plaintiff's allegations "constitute[d] nothing more than a 'legal conclusion' and 'naked assertion'" and Plaintiff failed to specify "what 'hardships' he was required to endure or how he was personally injured." (*Id*. at p. 8). The Court further noted that, although Plaintiff conceded that he did not file a certificate or merit, it was unclear whether the claim sounded in medical malpractice, requiring a certificate of merit, or mere

2

negligence, obviating the need for a certificate of merit. (*Id.* at p. 12). Plaintiff was directed to clearly state in his second amended complaint "whether he seeks to allege a medical malpractice claim based on Defendant's failure to provide him with medically necessary mental health evaluations or a negligence claim based on Defendant's failure to provide him with a mental health evaluation in strict violation of Lewisburg's alleged policy." (*Id.* at pp. 13-14).

On March 11, 2014, Plaintiff filed a second amended complaint. (Doc. 23). Plaintiff clarifies that he is not asserting a medical malpractice claim that would require a certificate of merit, rather he is strictly asserting a negligence claim. (*Id.* at p. 4). Plaintiff alleges that "Defendant was negligent for not providing me with 30 day mental health evaluations in accordance with Lewisburg's SMU ["Special Management Unit"] program statement P5217.01." (*Id.* at p. 3). Plaintiff alleges that he was not treated by psychology staff from January 4, 2012 to November 2012 and was therefore unable to timely complete the SMU program which resulted in prolonged placement in the program. (*Id.* at pp. 2-3).

Plaintiff alleges that on or about January 4, 2012, he requested his thirty (30) day mental health evaluation pursuant to SMU program statement P5217.01, but psychology staff at USP-Lewisburg informed Plaintiff that he could not receive the evaluation "because there was no current available staff member for the

psychology department to which was and or should have been working the D-Block (SMU) housing unit that [Plaintiff] was assigned to, during this period, for which the incident on the above date, was on-going for about another ten (10) months." (sic) (*Id.* at p. 4).

Plaintiff further alleges that in February of 2012, Dr. Mink, a psychology staff member, was assigned to Plaintiff's housing unit. (*Id.*). Plaintiff again requested a mental health evaluation. On this occasion, Plaintiff alleges that Dr. Mink told him that he "could not have a mental health evaluation per every 30 days because the Lewisburg (SMU) program does not allow the psychology staff to provide inmates with the confidentiality required." (*Id.*). Plaintiff alleges that he did not receive another mental health evaluation until November of 2012 and thus incurred an injury to his person. (*Id.*).

Plaintiff alleges that "[t]he invasion of [his] personal right to 30 day mental health evaluations is the personal injury that [he] sustained due to the fact that said evaluations [are] an essential part of the SMU to ensure that [he] complete[s] the program" in a timely fashion. (*Id.* at pp. 4-5). Plaintiff further alleges that Dr. Mink and the psychology department at USP-Lewisburg breached their duty of care to provide him with evaluations. (*Id.* at p. 5).

For relief, Plaintiff seeks compensatory damages and injunctive relief. (*Id.*

4

at p. 3).

On March 25, 2014, Defendant filed the instant motion to dismiss the second amended complaint. (Doc. 24). After being granted an extension of time, Defendant filed a brief in support of the motion to dismiss on April 21, 2014. (Doc. 27). Defendant moves to dismiss Plaintiff's second amended complaint based on his failure to allege a physical injury warranting compensatory damages, and failure to state a claim under the FTCA. (*Id.*). On April 29, 2014, Plaintiff filed his brief in opposition to the motion to dismiss. (Doc. 29).

## II.   STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

### III.   DISCUSSION

The FTCA allows federal prisoners to pursue lawsuits against the United States in an effort to recover for personal injuries sustained during confinement by reason of negligence of government employees. *See Berman v. United States*, 205 F. Supp. 2d 362 (M.D. Pa. 2002) (Nealon, J.) (citing *United States v. Muniz*, 374 U.S. 150 (1963); 28 U.S.C. §1346(b)). The primary purpose of the FTCA is to "remove sovereign immunity of the United States from suits in tort, and with

certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Id.* (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962); 28 U.S.C. §1346(b)).  Under the FTCA, "the law of the place where the alleged act or omission occurred is to be applied." *Id.* (quoting *Turner v. Miller*, 679 F.Supp. 441, 443 (M.D. Pa. 1987); 28 U.S.C. §1346(b)).  In the instant action, the alleged incidents took place at USP-Lewisburg.  Thus, Pennsylvania law applies to this case.

To demonstrate a *prima facie* case of negligence under Pennsylvania law, a plaintiff must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) there is a causal connection between the breach and the resulting injury; and (4) the plaintiff suffered actual loss or damage. *See Krentz v. Consolidated Rail Corp.*, 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006).

In the present matter, Plaintiff failed to offer facts establishing the four elements of a *prima facie* negligence claim.  Significantly, Plaintiff failed to allege an injury suffered to demonstrate a *prima facie* case of negligence under Pennsylvania law.  As stated, Plaintiff alleges that "[t]he invasion of [his] personal right to 30 day mental health evaluations is the personal injury that [he] sustained due to the fact that said evaluations [are] an essential part of the SMU to ensure that [he] complete[s] the program" in a timely fashion. (Doc. 23, pp. 4-5).

Pursuant to 28 U.S.C. § 1346(b)(2), a prisoner may not sue the United States under the FTCA "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Michtavi v. United States*, 345 Fed. Appx. 727, 728-29 (3d Cir. 2009). First, Plaintiff has not alleged that he suffered from a psychological condition or injury, or that he required psychological treatment. However, even assuming Plaintiff had alleged a mental or emotional injury, he is required to demonstrate a physical injury before proceeding on such a claim. A thorough reading of Plaintiff's pleadings shows that he simply has not alleged any physical injury he suffered due to Defendant's alleged negligence.

In sum, Plaintiff has failed to demonstrate a *prima facie* case of negligence pursuant to Pennsylvania law. Not only has failed to assert that the Defendant breached any recognized duty owed to him, but he has failed to allege any injury necessary to maintain a claim under the FTCA.[1] Despite being granted the opportunity to cure these deficiencies, Plaintiff failed to do so. Accordingly Defendant's Motion to Dismiss will be granted.

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss will be granted.

---

[1] In order for a prisoner to maintain a civil action for mental or emotional injury suffered while in custody, he must also show a physical injury. *See* 42 U.S.C. § 1997e(e).

Although a *pro se* litigant should generally be allowed to amend his complaint, because Plaintiff was previously afforded such an opportunity and failed to cure the deficiencies outlined in the March 5, 2014 Memorandum, this Court finds that allowing another amendment would be futile.

     A separate Order follows.